UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                :
ARTHUR BLAKE,                                       :

                              Petitioner,            :         17-CV-10097 (JMF)

                      -v-                              :         MEMORANDUM OPINION
                                                :                AND ORDER
BRANDON J. SMITH,                        :

                              Respondent.         :
------------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

       Petitioner Arthur Blake, a New York state prisoner proceeding *pro se*, was convicted following a guilty plea of one count of burglary in the third degree and two counts of grand larceny in the fourth degree and sentenced principally to 6½ to 13 years of imprisonment. (Docket No. 1 ("Pet."), at ¶ 5; Docket No. 8 ("Answer"), ¶ 1; Answer, Ex. 1, at 166).[1] He now petitions, pursuant to Title 28, United States Code, Section 2254, for the writ of *habeas corpus*. In particular, he contends that: (1) the trial court erred in denying his motion for reassignment of counsel; (2) certain statements and physical evidence should have been suppressed; (3) his sentence is excessive; (4) his waiver of the right to appeal was not knowing and voluntary; (5) his trial counsel was ineffective because, among other things, counsel failed to adequately question an officer concerning his police brutality claims, to present his medical records, to answer his letters, and to investigate the scene of the crime; and (6) the appellate court erred in

---

[1]     Although Blake alleges that he was sentenced to 6½ to 14 years in prison (Pet. ¶ 5), the trial record reveals that the sentences on his three counts "are to run consecutively to one another for a total of six and one half to *thirteen* years," (Answer, Ex. 1, at 166 (emphasis added)).

refusing to consolidate his motion pursuant to New York Criminal Procedure Law Section 440.10 with his direct appeal. (Pet. ¶ 12). Upon review of the parties' submissions, the Court concludes that these claims are barred or without merit, and thus denies the Petition in full.

First, the vast majority of Blake's claims are barred by the fact that he pleaded guilty and expressly waived his right to appeal. (Answer, Ex. 2, at 1). Furthermore, on direct appeal, Blake challenged the appeal waiver, but the Appellate Division upheld it, observing that the trial court's "oral colloquy with [Blake] concerning the waiver went well beyond the minimum standards for such a colloquy, and [Blake] also acknowledged that he understood a written waiver, which supplemented the oral waiver." *People v. Blake*, 46 N.Y.S.3d 865 (App. Div. 2017) (citing *People v. Bryant*, 28 N.Y.3d 1094 (2016)), *appeal denied*, 30 N.Y.3d 947 (Sept. 7, 2017).[2] Several consequences follow from Blake's plea, appeal waiver, and failed appeal. First, it is well established that a knowing, voluntary, and intelligent guilty plea "conclusively resolves the question of factual guilt supporting the conviction, thereby rendering any antecedent constitutional violation bearing on factual guilt a non-issue." *United States v. Gregg*, 463 F.3d 160, 164 (2d Cir. 2006) (per curiam). Second, "a defendant who pleads guilty unconditionally while represented by counsel may not assert independent claims relating to [the deprivation of constitutional rights that occurred] prior to the entry of the guilty plea." *United States v. Torres*, 129 F.3d 710, 715 (2d Cir. 1999) (internal quotation marks omitted). And third, the Appellate Division's decision constitutes an independent and adequate state law ground that precludes this Court's review of all claims that Blake raised on appeal. *See, e.g.*, *Amin v. Hulihan*, No. 10-CV-

---

[2]   Blake challenges his appeal waiver here too, but there is no basis to disturb the Appellate Division's decision, substantially for the reasons stated in Respondent's memorandum of law. (*See* Docket No. 12 ("Resp.'s Mem."), at 23-25).

2293 (PKC), 2016 WL 6068128, at *7 (E.D.N.Y. Oct. 13, 2016) (citing cases). The net effect is that Blake may not pursue here any claims relating to his plea or events preceding the plea.

That leaves only two of Blake's claims: the claim that his sentence was excessive and the claim that the Appellate Division erred in refusing to consolidate his Section 440.10 motion with his direct appeal.[3] Those claims are easily rejected. First, it is well established that "[a]n excessive sentence claim may not provide grounds for habeas corpus relief where a petitioner's sentence is within the range prescribed by state law." *Edwards v. Superintendent, Southport C.F.*, 991 F. Supp. 2d 348, 372 (E.D.N.Y. 2013); *see also White v. Keane*, 969 F.2d 1381, 1383 (2d Cir. 1992) ("No federal constitutional issue is presented where . . . the sentence is within the range prescribed by state law."). Here, Blake was sentenced to 6½ to 13 years in prison, which is within the range prescribed by state law for his crimes. *See* N.Y. Penal Law §§ 70.00, 140.30, 155.30. Second, it is well established that "federal habeas relief is not available to redress alleged procedural errors in state post-conviction proceedings." *Jones v. Duncan*, 162 F. Supp. 2d 204, 217-18 (S.D.N.Y. 2001) (internal quotation marks omitted). Accordingly, Blake's claim that the Appellate Division erred by not consolidating his Section 440.10 motion and direct appeal is not cognizable here.

---

[3] Respondent does not contend that Blake's suppression claims are precluded by his guilty plea and appeal waiver. (*See* Resp.'s Mem. 4). That is befuddling given the legal principles recited above and the fact that Blake's waiver explicitly stated as follows: "In particular, I understand that I am waiving . . . my right to appeal the denial of any suppression motion I made." (Answer, Ex. 2, at 1). In any event, Blake's Fourth Amendment claims fail in light of *Stone v. Powell*, 428 U.S. 465 (1976), which held that, "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." *Id.* at 494; *see also Porter v. Keyser*, No. 15-CV-816 (JMF), 2016 WL 1417847, at *2 (S.D.N.Y. Apr. 8, 2016) (relying on *Stone* and noting that "it is well established that New York's procedures for litigating Fourth Amendment claims are facially adequate" (internal quotation marks omitted) (citing cases)).

For the foregoing reasons, Blake's Petition must be and is DENIED in full. As Blake has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253(c); *see also, e.g.*, *Matthews v. United States*, 682 F.3d 180, 185 (2d Cir. 2012). In addition, the Court certifies, pursuant to Title 28, United States Code, Section 1915(a)(3), that any appeal from this Memorandum Opinion and Order would not be taken in good faith, and *in forma pauperis* status is thus denied. *See Coppedge v. United States*, 369 U.S. 438, 445 (1962). The Clerk of Court is directed to mail a copy of this Memorandum Opinion and Order to Blake and to close the case.

SO ORDERED.

Dated: August 24, 2018
      New York, New York

JESSE M. FURMAN
United States District Judge